IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 5:17-CR-00061-MTT-CHW |
| JASON KENNETH BELL | : | Filed at 10:30 AM |
| Defendant | : | 5-7-, 2018 |
| | : | Deputy Clerk, U.S. District Court |
| | : | Middle District of Georgia |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Jason Kenneth Bell, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information and Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be

1



entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

2

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to the following charges of the Superseding Information:

**Count One** – Anonymous Telecommunications Harassment in violation of Title 47, United States Code, Section 223(a)(1)(C); and

**Count Two** – Anonymous Telecommunications Harassment in violation of Title 47, United States Code, Section 223(a)(1)(C).

(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following maximum penalties at sentencing:

**Count One** is subject to a maximum sentence of two (2) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of not more than one (1) year.

**Count Two** is subject to a maximum sentence of two (2) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of not more than one (1) year.

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C) The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government,

Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D) The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) <u>**Waiver of Appeal Rights and Right of Collateral Attack:**</u>

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the

4



amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be

5



remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)     Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Counts One and Two of the Superseding Information.

(B)     If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility.

The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.



Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On March 1, 2017, Defendant called the Western New York Office of New York Senator, Charles Schumer in Buffalo, New York. He left several messages within an hour after first speaking with an intern at the Buffalo, New York office. Defendant did not identify himself in these calls but stated many times that he wished Senator Schumer did not have personal protection and that Senator Schumer would be the first one "hunted down" when the "true patriots" rise. Defendant further stated, "I would hit you until I couldn't lift my arms anymore" in reference to Senator Schumer. Defendant was located in Cochran, Bleckley County, Georgia during each of these calls which were placed using phone number 478-298-2540.

Defendant now admits, that on or about March 1, 2017, in the Macon Division of the Middle District of Georgia, he did make a telephone call in interstate and foreign commerce, without disclosing his identity, and with the intent to abuse, threaten, or harass any specific person; to wit: Defendant called the Office of United States Senator Charles Schumer and without identifying himself, stated that Senator Schumer would be "hunted down" and that Defendant would hit Senator Schumer until Defendant could not lift his arms anymore; all in violation of Title 47, United States Code, Section 223(a)(1)(C).

On October 23, 2017, Defendant called the Washington D.C. office of Senator Tim Scott and spoke with a staff member. During that call, Defendant expressed his dislike

for the Senator's stance on neo-nazis and asked "are we as a white people supposed to just stand for this injustice or do we do what Dylann Roof did?" Defendant further stated that Senator Scott is an "ignorant motherfucker, goddamn, I can't stand that motherfucker saying that neo-nazis and white people are the problem. I am going to kill that motherfucker." Defendant was located in Cochran, Bleckley County, Georgia during this call and did not identify himself before speaking with the staff member. This call was placed using phone number 478-230-1323.

Defendant now admits, that on or about October 23, 2017, in the Macon Division of the Middle District of Georgia, he did make a telephone call in interstate and foreign commerce, without disclosing his identity, and with the intent to abuse, threaten, or harass any specific person; to wit: Defendant called the Office of United States Senator Timothy Scott and without identifying himself, stated that "ignorant motherfucker, goddamn, I can't stand that motherfucker saying that neo-nazis and white people are the problem. I am going to kill that motherfucker;" all in violation of Title 47, United States Code, Section 223(a)(1)(C).

Defendant and the United States Attorney agree that a special condition of Defendant's sentence will be that he is to have no contact with Senator Charles Schumer, Senator Timothy Scott, any of their respective offices, or any member of their respective staffs.

9



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 1ST day of May, 2018.

CHARLES E. PEELER
UNITED STATES ATTORNEY

BY: *C. Shanelle Booker*
C. SHANELLE BOOKER
ASSISTANT UNITED STATES ATTORNEY

I, Jason Kenneth Bell, have read this agreement and had this agreement read to me by my attorney, Christina L. Hunt. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
JASON KENNETH BELL
DEFENDANT

I, Christina L. Hunt, attorney for Defendant Jason Kenneth Bell, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHRISTINA L. HUNT
ATTORNEY FOR DEFENDANT